```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
RENELIO PEREZ, an individual Italian citizen,                 :
and OLD MUSIC LIVE, a Polish limited                          :
liability company,                                            :
                                                              :           24-CV-1965 (VSB)
                                     Plaintiffs,              :
                                                              :                ORDER
                      -against-                               :
                                                              :
RAUL ALEJANDRO OCASIO RUIZ, an                                :
individual personally known as Rauw Alejandro,                :
and DOES 1-10,                                                :
                                                              :
                                     Defendants.              :
                                                              :
------------------------------------------------------------- X
```

<u>VERNON S. BRODERICK, United States District Judge</u>:

On March 15, 2024, Plaintiffs Renelio Perez and Old Music Live commenced this action by filing a Complaint against Raul Alejandro Ocasio Ruiz ("Ruiz"). (Doc. 1 ("Compl." or "Complaint").) On June 7, 2024, Ruiz filed a motion to dismiss for lack of personal jurisdiction and for failure to state a claim under Rule 12(b)(2) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 10.) The Court now sua sponte DISMISSES the Complaint for lack of subject-matter jurisdiction without prejudice and with leave to replead.

Plaintiffs' Complaint predicates federal jurisdiction on the basis of diversity of citizenship. (Compl. ¶ 5.) Old Music Live, however, is a limited liability company. (*Id.* ¶ 2.) Although the Complaint identifies Old Music Live's principal place of business, it does not plead the citizenship of each of Old Music Live's constituent members. The Complaint therefore ignores that, for diversity purposes, an LLC is a citizen of every state of which its members are citizens. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000); *Dumann Realty, LLC v. Faust*, No. 09-CV-7651, 2013 WL 30672, at *2 (S.D.N.Y. Jan. 3, 2013) (recognizing that an LLC "is completely diverse from opposing parties only if *all* of the members of the LLC are citizens of

different states than *all* opposing parties"). Accordingly, on its face, the Complaint fails to properly plead the existence of diversity jurisdiction. When a complaint fails to plead subject-matter jurisdiction, courts are obligated to dismiss it sua sponte. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see, e.g.*, *Bodhi Bldg. v. Elmsford Chicken, LLC*, No. 21-CV-919, 2021 WL 466009, at *3 (S.D.N.Y. Feb. 9, 2021) (dismissing action for failure to allege citizenship of each member of limited liability company); *Laufer Wind Grp. LLC v. DMT Holdings LLC*, No. 10-CV-8716, 2010 WL 5174953 (S.D.N.Y. Dec. 20, 2010) (same).

Accordingly, Plaintiffs' Complaint is DISMISSED without prejudice and with leave to replead. Ruiz's motion to dismiss for lack of personal jurisdiction and for failure to state a claim is DENIED as moot.

Plaintiffs have thirty days to file an Amended Complaint that properly asserts subject-matter jurisdiction. If Plaintiffs fail to file an Amended Complaint within that time frame, the Clerk of the Court is directed to terminate this action. The Clerk of Court is respectfully directed terminate the motion pending at Doc. 10.

SO ORDERED.

Dated: June 10, 2024
      New York, New York

*Vernon Broderick* (signature)
Vernon S. Broderick
United States District Judge